UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HUMBERTO FERNANDEZ,           )
                             )
          Plaintiff,          )
                             )
     vs.                      )          Case No. 4:11CV00244 AGF
                             )
GMRI, INC., d/b/s Red Lobster; JEFF    )
FUJAWA; CORY THIESSEN, and    )
CHRIS MAGUIRE,                )
                             )
          Defendants.         )

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on Plaintiff Humberto

Fernandez's motion (Doc. No. 14 as supplemented by Doc. No. 61) to remand the case to

the state court in which it was filed. For the reasons set forth below, the motion shall be

granted.

## BACKGROUND

Plaintiff initiated this action pro se in the Circuit Court of St. Louis County,

Missouri, against his former employer, GMRI, Inc., d/b/a Red Lobster ("GMRI"); and

three individual former supervisors at the Red Lobster restaurant in Chesterfield,

Missouri, where he had worked: Jeff Fujawa (General Manager), Cory Thiessen (Director

of Operations), and Chris Maguire (Kitchen Manager). Plaintiff is a citizen of Minnesota,

GMRI is a citizen of Florida, and the three individual Defendants are citizens of Missouri.

Plaintiff alleged that he was Cuban and African-American, and that he had worked at the

restaurant since 2003. He asserted that due to his race/nationality, he was harassed on the

job, and that after Defendants indicated that he could transfer to a Red Lobster in Minnesota, he was fired in retaliation for filing a discrimination charge.

The record establishes that Plaintiff filed a charge of discrimination with the Missouri Human Rights Commission ("MHRC") on December 9, 2009, that identified only Red Lobster as the allegedly discriminating party. (Doc. No. 27-1.) On February 10, 2010, Plaintiff filed a separate charge with the Equal Employment Opportunity Commission ("EEOC"), also naming only Red Lobster as the party he believed discriminated against him.[1] In the EEOC charge, Plaintiff provided more details. He stated that he had been discharged on October 31, 2009, and that during his employment, he had been continually subjected to racially derogatory comments and denied preferential work assignments, about which he complained to managers. He stated that in October 2009, he was told that his requested transfer to a Minnesota had been approved but that when he reported for work there after relocating to Minnesota, the manager told him he knew nothing about the transfer. (Doc. No. 72-2.) A Notice of Right to Sue was issued by the MHRC on August 20, 2010 (Doc. No. 20-2) and by the EEOC on August 13, 2010. (Doc. No. 72-4.)

Before Maguire was served, the other three Defendants removed the action to this Court on February 7, 2011, on the ground of diversity jurisdiction, asserting that the

---

[1] The Court notes that the MHRC and EEOC forms asks for the name of "the employer, labor organization, employment agency, apprenticeship, committee, state or local government agency who discriminated," without mentioning "individuals" who may have discriminated.

Missouri Defendants had been fraudulently joined and that the matter in controversy exceeded $75,000. In support of their claim of fraudulent joinder, the removing Defendants argued that Plaintiff's claims against Thiessen and Fujawa were barred because Plaintiff had failed to name them in his administrative charges of discrimination.

On March 7, 2011, still acting pro se, Plaintiff timely filed a motion to remand, arguing that Thiessen and especially Fujawa were not fraudulently joined as they were named as discriminators in his charge, and in fact, the charge filed with the EEOC noted "Attn. Jeff Fujawa." In his reply related to this motion, Plaintiff filed documents indicating that one or more of the individual Defendants had provided statements to the MHRC or EEOC in connection with Plaintiff's discrimination charge.

Thereafter, on April 27, 2011, the Court appointed counsel to represent Plaintiff, and on July 11, 2011, an amended complaint was filed with leave of Court. The amended complaint asserts three claims under the Missouri Human Rights Act ("MHRA") for discrimination, hostile work environment, and retaliation (Counts I, II, and III), and two state law claims for negligent misrepresentation (Count IV) and fraudulent misrepresentation (Count V), based on Fujawa's alleged representation to Plaintiff that Plaintiff's transfer to the Minnesota Red Lobster was approved.

Maguire was finally served on September 2, 2011. To date, he has not filed an answer or otherwise responded to the complaint. On September 25, 2011, Plaintiff filed (with the assistance of appointed counsel) a new motion to remand the case to state court, again arguing that the Court lacked subject matter jurisdiction because of the presence of

Missouri Defendants.  In response, the removing Defendants again argue that the individual Defendants, i.e., the Missouri Defendants, have been fraudulently joined.

## DISCUSSION

Under 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000.  Additionally, under 28 U.S.C. § 1441(b), cases may be removed on the basis of diversity jurisdiction as long as no defendant resides in the forum state.  "A plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy."  *Knudson v. Systs. Painters, Inc.,* 634 F.3d 968, 976 (8th Cir. 2011) (quoted source omitted).  "Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'"  *Block v. Toyota Motor Corp.*, ___ F.3d ___, 2011 WL 6306689, at *2 (8th Cir. 2011) (quoting *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)).

> In order to establish fraudulent joinder, the defendant must do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion since [the courts] do not focus on the artfulness of the plaintiff's pleadings.  In fraudulent joinder cases, some courts examine material beyond the complaint's allegations to determine if there is any factual support for the claims against the allegedly fraudulently joined defendant.  All doubts about federal jurisdiction should be resolved in favor of remand to state court.

*Id.* (quoted sources omitted); *see also Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 808 (8th Cir. 2003 ("in situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the

doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.") (quoted source omitted).

Under Missouri law, "[t]he MHRA permits suit to be brought against supervisory employees . . . not just against the company itself, and the failure to make him a party at the administrative action before the . . . MHRC will bar suit against him only if it resulted in prejudice." *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 662 (Mo. 2009). The Missouri Supreme Court explained in *Hill* that the purpose of requiring an individual to be named in the administrative charge is "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation . . . ." *Id.* at 669. The court identified four factors a court should consider when determining if the failure of a plaintiff to name a defendant in the administrative charge is fatal to a later judicial claim against that defendant:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [administrative] complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the [administrative] proceedings; 3) whether its absence from the [administrative] proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 669-70.

Here, a Missouri court could well determine that a claim against one of the Missouri Defendants is not barred. The determination of whether the present case can

proceed against the Missouri Defendants is a question better left for review by a Missouri court. *See, e.g., Jones v. Valspar Corp.*, No. 4:11-cv-00379-NKL, 2011 WL 3358141, at *3 (W.D. Mo. Aug. 3, 2011) (granting motion to remand in circumstances like those in the present case); *Jameson v. Gough*, No 4:09CV2021 RWS, 2010 WL 716107, at *4 (E.D. Mo. Feb. 24, 2010) (same); *Messmer v. Kindred Hosp. St. Louis*, No. 4:08-CV-749 CEJ, 2008 WL 4948451, at *3 (E.D. Mo. Nov. 10, 2008) (same).

The Court is ware that Defendants Fujawa, GMRI, and Thiessen have filed a motion to dismiss or alternatively to stay proceedings and compel arbitration (Doc. No. 47). As this Court had concluded that it lacks jurisdiction, that motion will be for determination by the state court.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand the case to state court is **GRANTED**. (Doc. No. 14 as supplemented by Doc. No. 61)

**IT IS FURTHER ORDERED** that the Clerk's Office shall **REMAND** this case to the Circuit Court of St. Louis County, Missouri.

*s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of December, 2011.